# CIRCUIT COURT REPORTS.

## VOLUME III—NEW SERIES.

---

## CAUSES ARGUED AND DETERMINED IN THE CIRCUIT COURTS OF OHIO.

---

### CONTRACTS OF NOVATION.

[Circuit Court of Cuyahoga County.]

EDWARD JARMUSCH v. OTIS IRON & STEEL CO.*

Decided, December 16, 1901.

*Novation—Requisites of Contract of—Evidence Establishing That Employe Became Party to—Pleading Construed in Harmony With Theory Upon Which Trial Proceeded—Obligation Not Within Statute of Frauds—General Verdict—All Defenses Need Not Be Sustained.*

1 A contract of novation becomes binding, when based upon: (1) a previous valid obligation; (2) an agreement by the old parties and the new party to the new contract; (3) that the new contract shall be complete and extinguish the old; and (4) the making of a valid new contract.

2. In a sale by one corporation to another of its entire property and business, one condition being that the new company shall carry

---

* Affirmed by the Supreme Court of Ohio, May 12, 1903.

out a contract previously entered into by the old company, the obligation of the new company is a new obligation, founded upon a sufficient consideration, and it is not necessary that it be in writing as required by the statute of frauds.

3. An employe of the old company under a specified contract, who has conversations with the officers of the new company regarding his contract, and in conformity therewith is placed on the pay-roll at stipulated wages, is estopped from complaining that the finding of the jury that he was a party to the novation was warranted and that he is without a claim against the old company.

4. Where an answer fails from a technical point of view to set up a novation, but the case was tried on that theory, and there was evidence supporting such a theory, it is not reversible error for the court in its charge to the jury to construe the contract as setting up such a defense.

5. In a case where there were numerous defenses and the verdict was a general one, if there was sufficient evidence to sustain any one of the defenses, the judgment will not be reversed.

CALDWELL, J.; HALE, J., and MARVIN, J., concur.

Heard on error.

The plaintiff brought his action in the common pleas court to recover damages from the Otis Iron & Steel Company for the violation of a contract that he had with the defendant. The plaintiff was injured while in the employ of the defendant and he settled with the defendant the damages he claimed by reason of such injury by a contract in which he was to have services as a crane-boy at certain wages, and at any time that the defendant thought him capable of doing other work more remunerative, it would give him such work.

In about a year after this contract was made and entered into, the Otis Iron & Steel Company sold out to the Otis Iron & Steel Company, Limited, an English corporation. The plaintiff continued to work for the new company for a number of years when he left its employ, claiming that he left by reason of the fact that the work that he was doing, which was the same work he entered upon after the making of the contract, had become dangerous to him in his crippled condition, by reason of new appliances put in, whereby the cranes were operated by electricity; and then brought this action to recover of the original company.

The original company made an attempt to plead a novation,

and undertook to say in its answer that the plaintiff had, under this contract, worked for the defendant, and that there was an agreement to the effect that he should be continued under his contract by the new company.

The plaintiff claims that he did not know there was any change in the company; that he supposed, for all the years that he was working there, that he was still working for the Otis Iron & Steel Company.

The plaintiff failed to recover in the common pleas court, and he prosecutes his petition in error here, and alleges numerous errors, and desires to have the judgment of the court of common pleas reversed by reason of such errors.

Among other things set up in the answer is a denial of the making of the contract on which suit is brought; and it is claimed that the verdict, being a general one in favor of the defendant, that that means that all the defenses of the defendant are sustained; and that the jury were not warranted in so finding, for the reason that there was no evidence tending to show that the defendant did not enter into the contract; but the law in such case, as established in this state, is that where there are numerous defenses and the verdict is a general one, if there is sufficient evidence to sustain any one defense the case should not be reversed, and the ground taken by counsel that the case should be reversed for this reason is not well founded.

The plaintiff claims that he was prejudiced in the charge of the court in that the court stated in substance to the jury that the answer was to the effect that a contract of novation had been entered into between the old and new company and the plaintiff, and it is claimed that the answer is not to that effect, but is only to the effect that the plaintiff entered into a new contract with the new company, and that the old company was not a party to that new contract.

It is true that the answer does claim that there was a novation, and, in stating the facts, does not state that the old company was a party to the contract that would work the novation, and that the court perhaps gave a very liberal construction to the answer; but the case was tried upon the theory that both the old and the new company and the plaintiff were parties to the

new contract, and it seems that on the trial the answer was treated as setting up the defense fully as stated to the jury, while a literal construction of the answer, it might be said, does *not* show that the defendant averred that it was a party to the new contract. However, it being so treated on the trial, and evidence being offered tending to show that the old company was a party to the contract, we do not think it reversible error that the court to the jury construed the answer as it did.

It is claimed as error that the court did not charge upon the statute of frauds. The plaintiff contended that if the new company had agreed to carry out this contract with the plaintiff and at the request of the old company, that it was not a contract that would warrant the plaintiff in bringing suit upon it in case of a breach of the same; that it was a mere promise to pay the debt of another, and not in writing, and hence, under Section 4199, Revised Statutes, was not a valid contract and could not take the place of the old contract in law.

The record is silent in a large measure as to what the consideration was that passed from the old company to the new, that induced it to assume liability under this contract; but the entire evidence, taken as a whole, makes it clear that in the sale that was made by the old company of its property to the new company, one consideration was that the new company should obligate itself to carry out and entirely fulfill the obligations of the old company under the contract; if so there would be no statute of frauds applying to the matter at all, as in such case the obligation of the new company would be a new obligation founded upon a sufficient consideration, and it would not be necessary to have it in writing, nor could there be any defense to the same when sued upon the new contract.

It is contended that the new company had no power to make such a contract; that it was outside of the business that it was created to do. We see nothing to this point. It was entirely legitimate for the new company to agree to carry out the contract of the old company with the plaintiff as a part consideration of the purchase of the property of the old company.

The attorneys in the case are in contention as to what constitutes a novation, and also as to whether or not there was sufficient evidence in the case to establish a novation.

As we understand it, the requisites of a contract of novation are: (1), A previous valid obligation; (2), An agreement of the old parties to the new contract; that is, of the two parties to the old contract and the party to the new contract; (3), That the new contract shall be so complete as to extinguish the old contract; (4), The making of a *valid new* contract.

When this is done a substitution is accomplished, which may be in the debt, the debtor or creditor. When it results in the substitution of a new debtor, the creditor has his cause of action for the violation of the contract against the new debtor only.

It is claimed that these requisites of a contract of novation are not established by the evidence, in this:

First. There is no evidence showing that the old company entered into any such agreement. The evidence on this question is not very voluminous, but there appears in the bill, we think, sufficient to warrant the jury in finding that the old company *did* take part in the agreement and was instrumental, perhaps wholly, in having the new company assume its liability to the plaintiff.

Second. It is claimed that the evidence does not show that the plaintiff was a party to the agreement of novation. There is no evidence showing that the plaintiff entered into negotiations with the two companies by which a contract of novation was made. The evidence consists in showing that he continued to work, and he claims that his continuing to work was, as he supposed all the while, for the old company, and that he was ignorant of any change being made by which one company retired and another was substituted. But the facts are such that we think the jury were warranted in concluding that he *must* have known that he was not working for the company with which he made his first contract. And the evidence further consists of the fact that he went at one time, when he had been laid off or the works were idle, to the officers of the new company and claimed that he had a contract by which they were to give him work, and, after two interviews upon this matter, he was placed upon the pay roll by reason of his contract, at a stipulated rate of wages, whether he worked or not.

The jury were warranted in finding that he was urging with

the new company that he had a contract with it, which could only have been the contract of novation, and that the new company after the officers had made the proper inquiry as to the obligation of it, acquiesced and proceeded to continue to carry out the contract of novation; which was sufficient evidence to warrant the jury in finding the verdict it did.

If the jury were right thus far in its consideration of the case, it would then necessarily follow that the plaintiff would have no cause of action against the old company, for the old contract woud be canceled, and his cause of action, if any, would be upon the new contract. So that the result below would be the proper one, whether he had quit work with sufficient excuse or not, and the question of damages as laid down by the court would be a matter of no consideration in determining the correct result of the case in the court of common pleas.

If this verdict was founded upon the charge of the court as to damages and as to whether the plaintiff had any reasonable excuse for quitting his employment, we find no error in the direction of the court upon that question, and we think the jury was warranted in finding that the plaintiff was not justified in quitting his employment under the circumstances.

So that, under whichever proposition these questions are considered, the verdict was justified by the jury, and the judgment of the court of common pleas is affirmed.

*Preusser & Wenneman,* for plaintiff in error.

*Squire, Sanders & Dempsey,* for defendant in error.